UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID A. ADYMY and
DONNA L. ADYMY,

        Plaintiffs,

  -vs-

ERIE COUNTY CHILD SUPPORT ENFORCEMENT
  UNIT,
ERIE COUNTY DEPARTMENT OF SOCIAL
  SERVICES and
COUNTY OF ERIE, NEW YORK,

        Defendants.

03-CV-0955E(Sc)

MEMORANDUM

and

ORDER[1]

---

        Plaintiffs David A. Adymy and Donna L. Adymy, proceeding *pro se*, commenced this action on December 29, 2003 against defendants Erie County Child Support Enforcement Unit, Erie County Department of Social Services and County of Erie, N.Y. Plaintiffs claim that defendants have violated the Social Security Act ("SSA"), 42 U.S.C. §603 *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, the Fair Debt Collection Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, and their due process rights and seek injunctive and monetary relief therefor. Defendants, on January 20, 2005, moved to dismiss plaintiffs' complaint pursuant to Rule 19 of the Federal Rules of Civil Procedure ("FRCvP") for failure to join an indispensable party and pursuant to FRCvP 12(b)(1) for lack of subject matter jurisdiction. Subsequently, on March 17,

---

[1]This decision may be cited in whole or in any part.

2005, plaintiffs moved for partial summary judgment and a preliminary injunction. For the reasons set forth below, defendants' motion to dismiss will be granted in part and denied in part, plaintiffs' motion for partial summary judgment will be granted and plaintiffs' preliminary injunction will be denied without prejudice.

The facts are found as follows and are undisputed as defendants have not filed reply papers to plaintiffs' response to their motion to dismiss and have not filed opposition papers to plaintiffs' motion for partial summary judgment. Plaintiffs are a divorced couple who had a child on February 27, 1980. Pursuant to the divorce judgment issued by New York State Family Court, Mr. Adymy was ordered to pay Ms. Adymy child support. On March 11, 1992, Mr. Adymy was ordered to pay — via weekly installments of $50.00 — $1,890.00 to the Support Collection Unit towards the Erie County Department of Social Services and $15,493.86 to the Support Collection Unit towards that which Mr. Adymy owes Ms. Adymy. Plaintiffs allege that defendants have collected monies from Mr. Adymy, but have failed to disburse said monies to Ms. Adymy.

The standard of review on a motion to dismiss is heavily weighted in favor of plaintiffs. The Court is required to read a complaint generously, accepting the material facts alleged therein as true and drawing all reasonable inferences from plaintiffs' allegations. *California Motor Transp. Co.* v. *Trucking Unlimited*, 404 U.S. 508, 515 (1972); *Frasier* v. *Gen. Elec. Co.*, 930 F.2d 1004, 1007 (2d Cir. 1991). As plaintiffs appear *pro se*, the Court must "read the pleadings \*\*\* liberally and

interpret them to raise the strongest arguments that they suggest." *McPhereson* v. *Coombe*, 174 F.3d 276, 280 (2d Cir. 1999).

Defendants first claim that dismissal is warranted under FRCvP 19 because plaintiffs have failed to join an indispensable party — *viz.*, the New York State Office of Temporary and Disability Assistance ("OTDA"). A party cannot be indispensable unless it is a "necessary party" under FRCvP 19(a).[2] *Jonesfilm* v. *Lion Gate Int'l*, 299 F.3d 134, 139 (2d Cir. 2002). If the party that meets the criteria of FRCvP 19(a) cannot be joined, the Court must determine whether the claim should be dismissed because the necessary party is "indispensable" based on the factors set forth in FRCvP 19(b). The first standard by which a non-dependant party is necessary — whether complete relief can be granted in the absence of the party — does not apply to this case. *See* FRCvP 19(a)(1).

The OTDA supervises the child support enforcement program and sets the framework under which the local social services districts operate. Defendants claim that the Erie County Department of Social Services acts as a local representative and

---

[2]FRCvP 19(a) states, in pertinent part:
"(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."

agent of the OTDA, which is the entity ultimately responsible for receiving and disbursing all child support payments and for crediting and debiting all child support accounts upon which the County of Erie acts. Plaintiffs, however, claim that, under New York Social Services Law ("NYSSL") §111-h(1),[3] each support collection unit is responsible for collecting, accounting for and disbursing child support payments made pursuant to an order. Furthermore, if the OTDA assigns a fiscal agent to help with the collection and disbursement functions of the local support collection unit, the fiscal agent is considered to be part of the local support collection unit. NYSSL §111-h(11).[4] Plaintiffs therefore claim that defendants, although guided by the OTDA, are responsible for the actual collection and disbursement of the child support

---

[3] NYSSL §111-h(1) states:
"Each social services district shall establish a support collection unit in accordance with regulations of the department to collect, account for and disburse funds paid pursuant to any order of child support or child and spousal support issued under the provisions of section two hundred thirty-six or two hundred forty of the domestic relations law, or article four, five, five-A or five-B of the family court act; provided however, that the department, subject to availability of funds, shall furnish centralized collection and disbursement services for and on behalf of each social services district. Until such time as the department performs collection and disbursement functions for a particular social services district, that social services district shall continue to perform those functions."

[4] NYSSL §111-h(11) states:
"The department may provide for the performance of the collection and disbursement functions of the support collection units by contract with a fiscal agent. For purposes of any reference to support collection unit in this chapter or any other law, the fiscal agent under contract with the department shall be deemed to be part of all support collection units for which the fiscal agent performs collection and disbursement functions."

payments made by Mr. Adymy. Defendants have not disputed plaintiffs' claim and the Court finds that such is supported by statute.

The OTDA is not a necessary or indispensable party. The absence of the OTDA as a defendant in this case does not affect the relief that plaintiffs seek — to wit, actual damages they suffered from defendants' alleged failure to distribute to Ms. Adymy child support payments made by Mr. Adymy. Plaintiffs do not allege that the OTDA participated or is participating in the failure to properly distribute the child support payments to Ms. Adymy, nor do plaintiffs allege that the OTDA has a policy of improperly distributing or withholding child support payments. Defendants do not allege that they lack authority to distribute child support payments according to the standards set forth by the OTDA. They claim that the OTDA provides the standards that defendants must follow. This case is not about the OTDA's policy and child support laws; rather, it is about defendants' compliance, or lack thereof, to follow those policies and laws. Thus, the OTDA is not a necessary and hence not an indispensable party. Defendants have not met their burden to show, as a matter of law, that the case should be dismissed for failure to join the OTDA.

Next, defendants claim that the Court lacks subject matter jurisdiction because the statutes under which plaintiffs assert their causes of action are inapplicable to defendants and the facts before the Court. Subject matter jurisdiction is a threshold consideration in that the absence of such moots all motions. *See Rhulen Agency, Inc.* v. *Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990). With regards to

plaintiffs' first cause of action — *viz.*, a claim of violations of the SSA —, defendants contend that New York State, not defendants, are held responsible for compliance with or violations of the SSA. Plaintiffs allege that defendants violated their federal statutory rights created pursuant to 42 U.S.C. §§654b and 657 and are liable under 42 U.S.C. §1983. Section 654b requires states to establish "State disbursement units" for the collection and disbursement of child support payments and allows for the State disbursement units to "be established by linking local disbursement units". 42 U.S.C. §654b(a). Thus, it is possible that the local disbursement units — such as defendants — are an arm of the state and defendants provide no support to their cursory allegation that the SSA only applies to states. As such, plaintiffs' SSA claim will not be dismissed and, if plaintiffs so chose, plaintiffs will be granted leave to add, within 30 days of this Order, the OTDA and/or any relevant New York State officials or departments as parties.

Defendants also seek to dismiss plaintiffs' second and third causes of action on the grounds that neither the FDCPA, 15 U.S.C. §1692 *et seq.*, nor the FCRA, 15 U.S.C. §1681 *et seq.*, is intended to apply to plaintiffs, defendants or the claims alleged herein. In claiming that the FDCPA does not apply, defendants contend that child support payments are not a "debt" covered by the FDCPA. Plaintiffs maintain that child support payments are considered a "debt" as defined by 15 U.S.C. §1692a(5). In order to prevail in an FDCPA cause of action, plaintiffs must establish that the alleged "debt" is covered by the Act. Debt is defined by the FDCPA as an

"obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes ∗∗∗." 15 U.S.C. §1692a(5). Courts have unanimously held that child support payments are not a "debt" covered by the FDCPA. *See Mabe* v. *G. C. Servs. Ltd. P'ship*, 32 F.3d 86, 88 (4th Cir. 1994) ("[Child support] obligations ∗∗∗ do not qualify as 'debts' under the FDCPA because they were not incurred to receive consumer goods or services. Rather, the [Department of Social Services] imposed these obligations upon appellants to force them to fulfill their parental duty to support their children."); *Campbell* v. *Baldwin*, 90 F. Supp. 2d 754, 757 (E.D.Tex. 2000); *Kahn* v. *Rowley*, 968 F. Supp. 1095, 1099 (M.D.L.A. 1997); *Battye* v. *Child Support Servs.*, 873 F. Supp. 103, 105 (N.D. Ill. 1994); *Brown* v. *Child Support Advocates*, 878 F. Supp. 1451, 1454 (D. Utah 1994). Accordingly, plaintiffs' second cause of action under the FDCPA will be dismissed.

Finally, defendants seek dismissal of plaintiffs' FCRA claim, arguing that the FCRA does not apply to the parties because defendants do not qualify as consumer reporting agencies and plaintiffs are not consumers. Plaintiffs claim that the information on Mr. Adymy's credit report did not properly reflect the true amount owed in child support as a result of defendants' failure to accurately report the information as required by 15 U.S.C. §1681s-2(b). Courts have held that provisions of the FCRA apply to child support enforcement agencies attempting to collect a

court-ordered judgment of child support, the parent to whom said child support is due and the parent from whom said child support is collected.  *See Hasbun* v. *County of Los Angeles*, 323 F.3d 801, 803-805 (9th Cir. 2003); *Baker* v. *Bronx-Westchester Investigations, Inc.*, 850 F. Supp. 260, 262-263 (S.D.N.Y. 1994).  It follows, therefore, that, if the FCRA allows child support enforcement agencies to obtain the consumer credit reports of parents ordered to make child support payments, the FCRA requires child support enforcement agencies to accurately report the credit information of said parents pursuant to the requirements of 15 U.S.C. §1681s-2(a).  Defendants have not alleged that they do not provide information to consumer reporting agencies and thus have not met their burden in seeking dismissal of plaintiffs' FCRA claim.

The Court now turns to plaintiffs' motion for partial summary judgment in which plaintiffs seek monetary damages for defendants' failure to pay Ms. Adymy the amounts defendants collected from Mr. Adymy on Ms. Adymy's behalf.  Summary judgment may be granted if the evidence offered shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FRCvP 56(c).  There is no genuine issue for trial unless the evidence offered favoring the non-moving party would be sufficient to sustain a jury's verdict for that party.  *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Thus, when reasonable minds could not differ as to the outcome of an issue, summary judgment is appropriate on that issue.  *Id.* at 251-252.  The moving party initially bears the burden of showing that no genuine issue of material fact is present but the opposing

party must then "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 250. If the non-moving party fails to establish, after a reasonable opportunity for discovery, the existence of an element essential to that party's claim and on which it will bear the burden of proof at trial, summary judgment is appropriate because such failure to establish an essential element of the case renders all other facts immaterial. *See Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322-323 (1986).

Plaintiffs claim that defendants violated their due process rights and are liable under 42 U.S.C. §1983. Plaintiffs maintain that the child support payments made by Mr. Adymy to the Support Collection Unit are the property of Ms. Adymy and that defendants, in not providing Ms. Adymy with the property to which she is entitled and in denying her notice and an opportunity to be heard regarding her right to the child support payments, deprived Ms. Adymy of her property rights in violation of due process. Plaintiffs further allege that such deprivation was defendants' policy.

Section 1983 provides a civil claim for damages and "itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Thomas* v. *Roach*, 165 F.3d 137, 142 (2d Cir. 1999). "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen* v. *County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citation omitted). A municipality or other local government body

cannot be held liable under Section 1983 solely based on the alleged acts of its employees — *viz.*, a theory of respondeat superior. *Monell* v. *Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). It is only when a municipality's "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [alleged] injury". *Ibid*. "To show a policy, custom, or practice, the plaintiff need not identify an express rule or regulation." *Patterson* v. *County of Oneida, N.Y.*, 375 F.3d 206, 226 (2d Cir. 2004). Rather, the discriminatory practice could be so "persistent and widespread" that it "could be so permanent and well settled as to constitute a 'custom or usage' with the force of law". *Sorlucco* v. *New York City Police Dept.*, 971 F.2d 864, 870-871 (2d Cir. 1992) (internal quotations and citations omitted). Plaintiffs allege that defendants were aware that Mr. Adymy's payments were not disbursed to Ms. Adymy, that defendants did nothing in response to Ms. Adymy's requests, that defendants consistently withheld such payments despite repeated requests by Ms. Adymy, and that defendants customarily convert child support payments for their own benefit without providing the custodial parents with notice or an opportunity to be heard. Without any opposition by defendants, such practices amount to a custom or policy of defendants and subjects defendants to liability under Section 1983.

In order to prevail on a due process claim, a plaintiff must identify a constitutionally protected property or liberty interest and demonstrate that the government has deprived the plaintiff of the interest without due process of law.

*Weinstein* v. *Albright*, 261 F.3d 127, 134 (2d Cir. 2001). Once a protected property interest is identified, "[a]t a minimum, due process requires that the government provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Ibid* (citing *Mullane* v. *Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Here, plaintiffs allege that the child support payments made by Mr. Adymy became Ms. Adymy's property pursuant to NYSSL §111-h(4), which states:

> "Any and all moneys paid into the support collection unit pursuant to an order of support made under the family court act or the domestic relations law, where the petitioner is not a recipient of public assistance, shall upon payment into such support collection unit be deemed for all purposes to be the property of the person for whom such money is to be paid."

Without any opposition, it is undisputed that Mr. Adymy made said child support payments pursuant to a family court order and that said monies were supposed to be but were not subsequently given to Ms. Adymy, thus depriving her of her property. Plaintiffs further claim that defendants withheld the monies from Ms. Adymy without providing her with any notice or an opportunity to be heard.  Defendants do not allege that they provided notice or an opportunity to be heard.  Accordingly, plaintiffs' due process rights were violated by defendants' withholding of Ms. Adymy's property — to wit, child support payments made by Mr. Adymy — without due process.  Plaintiffs seek damages in the amount of $17,000, but do not explain

why the damages should exceed their actual damages of $5,300. As such, defendants will be ordered to pay Ms. Adymy the $5,300 collected in child support payments and plaintiffs will be provided 30 days to submit to the Court an explanation of their request for additional damages.

Finally, plaintiffs seek a preliminary injunction enjoining defendants from suspending Mr. Adymy's driver's license due to an alleged failure to provide child support payments. "[A] party seeking preliminary injunction must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." *Brewer* v. *W. Irondequoit Cent. Sch. Dist.*, 212 F.3d 738, 743-744 (2d Cir. 2000). The purpose of issuing a preliminary injunction is to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the $_{***}$ merits." *Devose* v. *Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). Plaintiffs cannot meet this standard. First, plaintiffs do not show how they will be irreparably harmed if an injunction is not issued and, second, plaintiffs have not sufficiently pled facts indicating that they have a high likelihood of success on this issue. Moreover, plaintiffs do not identify the particulars of the alleged administrative proceeding in progress. Plaintiffs' motion for a preliminary injunction, therefore, will be denied without prejudice.

It is hereby **ORDERED** that defendants' motion to dismiss is granted as to plaintiffs' second cause of action and denied as to the remaining claims, that plaintiffs' motion for partial summary judgment on their fifth cause of action is granted, that plaintiffs' motion for a preliminary injunction is denied without prejudice, that plaintiffs' second cause of action is dismissed, that defendants pay Ms. Adymy $5,300 in past due child support payments and that plaintiffs have 30 days to file papers regarding any further damages claimed under their fifth cause of action and 30 days to move to add any additional parties.

DATED:   Buffalo, N.Y.

   May 2, 2006

                                                    /s/ John T. Elfvin
                                                    JOHN T. ELFVIN
                                                    S.U.S.D.J.